E. D. WHEELER, Respondent, v. LEOLA K. TURNER, Appellant.

## No. 3470; October 16, 1873.

**Appeal—Conflicting Evidence.—An Order for Judgment,** made without findings, where there had been a manifest conflict of evidence at the trial, is not to be disturbed.

**Attorneys.—In an Action by an Attorney for Compensation** for services rendered in conducting a case, before the end of the trial of which his client had discharged him, an order for judgment for less than the fee as agreed upon in advance of such trial would not indicate, in the absence of written findings, that the court had found a failure on the plaintiff's part to perform the agreement.

**Appeal—Damages in Absence of Merit.—While** affirming a judgment, where satisfied that the appeal is destitute of merit, the court exacts damages of the appellant.

APPEAL from Twelfth Judicial District, San Francisco County.

C. T. Botts for respondent; J. M. Seawell for appellant.

RHODES, J.—The contract alleged in the complaint is admitted by the answer. It is also conceded that the plaintiffs conducted the proceedings on behalf of the plaintiff in the action of Turner v. Ortiz up to a certain time, when their connection with the action ceased, and evidence was introduced to prove the value of the plaintiff's services in that action. The court ordered judgment for the plaintiffs for fifteen hundred dollars, but did not file any findings.

The defendant contends that the decision cannot be sustained, because the plaintiffs broke the contract by abandoning the prosecution of that suit, while the plaintiffs contend that they were discharged by the defendant as her attorneys. Upon this issue there is a manifest conflict in the evidence, and the decision will not be disturbed on the ground that the evidence was insufficient to sustain the implied finding that the plaintiffs were discharged as her attorneys in that action.

It is claimed by the defendant that the fact that the court ordered judgment only for fifteen hundred dollars (which

was less than their fees would amount to under the contract) proves that the court found that the plaintiffs did not perform the contract on their part. But that is not the necessary inference from that fact. A judgment in any sum for their services as the defendant's attorney would raise the presumption that the court found that they had not committed a breach of their contract.

Upon a careful examination of the voluminous record in this case we are satisfied that the appeal is destitute of merit.

Judgment and order affirmed, with ten per cent damages. Remittitur forthwith.

We concur: Crockett, J.; Belcher, J.; Wallace, C. J.; Niles, J.